FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 0 6 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SHATEEK W. GREEN,

        Petitioner,

-against-

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-2617 (NGG)

GARAUFIS, United States District Judge:

On May 22, 2006, petitioner, proceeding *pro se*, filed the instant motion to vacate his 2000 federal sentence pursuant to 28 U.S.C. § 2255. See USA v. Muslija et al., 98-CR-0069 (NGG). For the reasons set forth below, the Court cannot consider the instant motion and transfers it to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

Petitioner previously challenged the same conviction by filing a motion pursuant to 28 U.S.C. § 2255 with this Court on July 23, 2002. That motion was denied as entirely without merit by Memorandum and Order dated April 14, 2004. See Green v. USA, 02-CV-4234 (NGG). By Mandate issued on August 26, 2004, the United States Court of Appeals for the Second Circuit denied and dismissed petitioner's request for a Certificate of Appealability. See Green v. United States of America, No. 04-3227 (2d Cir. Aug. 26, 2004).

28 U.S.C. § 2244 (b)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Subsection C of the same statute directs:

> The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Therefore, petitioner must move in the United States Court of Appeal for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244 (b)(3)(A). Any 2255 motion to the Circuit must contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

## CONCLUSION

In the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; see Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003), cert. denied, 540 U.S. 1210 (2004) (district court "must" transfer successive petition to Second Circuit); Liriano v. United States, 95 F.3d 119, 122-123 (2d Cir. 1996) (*per curiam*) ( "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice..."). This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this case under this docket number.

SO ORDERED.

/signed/
NICHOLAS G. GARAUFIS
United States District Court

Dated: Brooklyn, New York
 June  1 , 2006